# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2132 | **DATE** | 5/6/2011 |
| **CASE TITLE** | O. Et al vs. Board of Education of the City of Chicago | | |

**DOCKET ENTRY TEXT**

The Court grants in part Plaintiffs' motion for attorney's fees and costs pursuant to Rule 54.3 (Plaintiffs' "fees-on-fees" motion) [34]. Plaintiffs are entitled to recover a total of $16,960.00 in attorneys' fees and costs. The District shall make payment consistent with this order by no later than 7/5/11.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiffs' motion for attorney's fees and costs pursuant to Rule 54.3. In their motion, Plaintiffs seek "fees on fees" – the fees they incurred in their successful effort to recover attorneys' fees under the Individuals with Disabilities Education Act. For the following reasons, the Court grants Plaintiffs' motion in part and awards Plaintiffs $16,960.00 in fees and costs.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

On April 7, 2010, Plaintiffs Brianna O., a minor, and Anne O., individually and as parent and next friend of Brianna ("Plaintiffs"), filed the present lawsuit against Defendant Board of Education of the City of Chicago, District 299 (the "District") for attorney's fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1415(i)(3)(B). The parties filed lengthy cross-motions for summary judgment. On November 8, 2010, the Court granted in part and denied in part each party's motion for summary judgment. The Court found that Plaintiffs had sufficiently established their status as the prevailing party under the IDEA. The Court also found, however, that the District's Offer of Settlement, which it presented to Plaintiffs on July 23, 2009, provided more favorable relief than the Illinois State Board of Education ("ISBE") hearing officer's Order. That finding could have provided a victory for the District, but it did not. The Court ultimately determined that because of, *inter alia*, the District's repeated failures to respond to Plaintiffs' communications – as the ISBE hearing officer described in its Findings of Fact and Conclusions of Law, the District "simply ignored" Plaintiffs' overtures – Plaintiffs were substantially justified in rejecting the District's Offer of Settlement and were thus not barred from seeking reasonable attorney's fees for the entirety of the dispute's duration. After concluding that Plaintiffs' degree of success at their due process hearing warranted a 40% reduction in their requested attorney's fees, the Court awarded Plaintiffs $31,491.60 in attorney's fees and costs, plus prejudgment interest at 3.25%.[1]

Email exchanges submitted to the Court as an exhibit to Plaintiffs' pending motion indicate that on November 17, 2010, Plaintiffs' counsel sent the District an itemized list of the fees and costs they incurred in litigating the fee claim. The sum total of those services was $18,009.50. Plaintiffs offered to reduce that amount to $15,000.00, reflecting a 16% reduction. The District countered with a $7,000.00 offer, which Plaintiffs promptly rejected. Acknowledging that they were likely at an impasse, Plaintiffs' counsel sent the District a draft joint statement in accordance with Local Rule 54.3(e), requesting that the District complete its portion and return the draft so that Plaintiffs could file a motion for fees and costs. One month later, having received no response, Plaintiffs' counsel again asked the District to complete its portion of the joint statement so that Plaintiffs could file their motion for fees and costs. Although the District responded to that email, three weeks passed and the District did not provide Plaintiffs with their draft. On January 31, 2011, Plaintiffs' counsel notified the District that they intended to file the motion by no later than February 2, 2011,[2] and would leave the District's sections of the joint statement blank if the District did not respond. It did not.

On February 2, 2011, Plaintiffs submitted the pending "fees-on-fees" motion for attorney's fees and costs incurred in litigating the Section 1415(i)(3)(B) claim to the District. Plaintiffs seek $21,198.75 in attorney's fees and costs. In the District's response, it urges the Court to award Plaintiffs no more than $6,679.64.

## LEGAL STANDARD

In general, federal courts apply the same principles applicable to attorney's fees awards for civil rights cases under 42 U.S.C. § 1988 to IDEA cases. *See Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1253 n.2 (7th Cir. 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). When determining whether attorney's fees are reasonable, the Court considers the lodestar figure, namely, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

---

[1] The Court also deducted $2,275.00 from Plaintiffs' requested amount – that deduction is not relevant to the pending motion.

[2] Under Local Rule 54.3(b), a motion for attorney's fees and costs shall be filed and served no later than 91 days after the entry of the judgment on which the motion is founded.

rate." *Enoch v. Tienor,* 570 F.3d 821, 823 (7th Cir. 2009) (quoting *Hensley,* 461 U.S. at 433). The "lodestar figure is the 'starting point' and "[o]nce that figure is determined, the court may consider other factors set out in *Hensley,*" which "include whether the documentation of the hours is adequate and whether 'billing judgment' was used." *Enoch,* 570 F.3d at 823-34. Courts are mindful that a "request for attorney's fees should not result in a second major litigation." *Sottoriva v. Claps,* 617 F.3d 971, 975 (7th Cir. 2010) (quoting *Hensley,* 461 U.S. at 437). "In light of this concern, as well as the fact that determining what qualifies as a 'reasonable' use of a lawyer's time is a highly contextual and fact-specific enterprise," district courts have wide latitude when awarding attorney's fees. *Sottoriva,* 617 F.3d at 975.

## ANALYSIS

### I.    Plaintiffs' Complaint

First, the District maintains that the 3.5 hours that Plaintiffs' counsel spent drafting the complaint that initiated this lawsuit are excessive because the complaint is a "form complaint" and contains identical language to complaints that Plaintiffs' counsel has filed in numerous other cases.[3] The District submits another complaint filed by Plaintiffs' counsel to demonstrate the similarities. *See* R. 38-1, Ex. A to District's Resp. The District asks the Court to compensate Plaintiffs' counsel for 2.0 hours. Although certain excerpts will inevitably overlap among complaints seeking fees under IDEA, the majority of Plaintiffs' complaint involved factual allegations that are specific to the present lawsuit. In its discretion, the Court thus declines to reduce the 3.5 hours Plaintiffs' counsel billed for drafting and revising Plaintiffs' complaint.

### II.    Plaintiffs' Attorney Sarah Mauk

The District also argues that the 7.0 hours that attorney Mauk spent on this matter are duplicative and unnecessary because O'Connor – acting as the lead attorney on this matter – is an experienced and skilled lawyer in special education law, and as such, his work needs no review. The Court disagrees. The Court has previously held that it is a reasonable and efficient use of attorney time to have a second attorney review and comment on the work of the lead attorney. *See M. v. City of Chicago Bd. of Educ.,* No. 10 C 2110, 2010 WL 4639259, at *3 (Nov. 8, 2010) (citing *Edwards v. Rogowski,* No. 06 C 3110, 2009 WL 742871, at *8 (N.D. Ill. Mar. 18, 2009) ("multiple lawyers, working together, may lead to more efficiency and reduced costs") (citation omitted)). This is especially true in this case, where Mauk was the lead attorney handling Plaintiffs' due process hearing and thus had an intimate familiarity with the facts and procedural history of this case.

### III.    Degree of Success

Finally, the District argues that the Court should reduce the attorney's fees award to reflect the degree of success achieved. *See Hensley,* 461 U.S. at 430 n.3; *Id.* at 436; *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). As *Henley* observes, "[if]... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley,* 461 U.S. at 436. There is, however, "no precise rule or formula for making these determinations." *Id.* at 437. "[T]he amount involved and the results obtained," while a "crucial factor in determining the proper amount" of an attorney's fee award, is one of twelve factors that district courts may consider in their analysis. *Id.* at 434 n. 9 & 440. Federal district courts have considerable discretion in awarding

---

[3] The District does not object to Plaintiffs counsels' hourly rates of $380.00/hour (pre-January 2011) and $405/hour (post-January 2011) for attorney Michael O'Connor, and $240.00/hour (pre-January 2011) and $250/hour (post-January 2011) for attorney Sarah Mauk.

attorney's fees.  *See Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010).

Although the Court reduced the attorney's fee award in Plaintiffs' initial fee petition by 40% to reflect the limited degree of success achieved, it also devoted part of its analysis to a discussion of the District's action – or, in this case, inaction – in attempting to resolve the underlying dispute.  In particular, the Court noted that the District's inattention to Plaintiffs and their counsel was one of principle reasons that Plaintiffs were justified in rejecting the District's Offer of Settlement.  The Court is dismayed to see that the District persisted in its conduct, forcing Plaintiffs to expend additional resources in filing this motion and preventing Plaintiffs from filing a joint statement in their current motion as Local Rule 54.3(e) requires.  In consideration of all of the relevant factors, including the degree of success achieved, and factoring in the additional efforts Plaintiffs were forced to exert as a result of the District's inattention throughout this dispute, the Court declines the District's request to reduce Plaintiffs' attorneys' fees by 44% and finds a 20% reduction reasonable and appropriate.

## CONCLUSION

For the reasons discussed herein, the Court grants in part Plaintiffs' fees-on-fees motion.  Plaintiffs are entitled to recover a total of $16,960.00 in attorneys' fees and costs (80% of the $21,198.75 requested).  The District shall make payment consistent with this order by no later than July 5, 2011.